## CYRUS PIERCE *vs.* WILLIAM C. GRAY & another.

In an action upon a recognizance to prosecute an appeal, upon which judgment has been rendered in the appellate court, and execution issued and returned unsatisfied, a subsequent payment to the officer is inadmissible in defence, without evidence that he was authorized by the plaintiff to receive it.

A declaration upon a recognizance to prosecute an appeal, which does not aver that the recognizance has been entered of record in the appellate court, cannot be first objected to for that cause at the argument upon a bill of exceptions.

ACTION OF CONTRACT upon a recognizance to prosecute an appeal from a judgment of the police court of Lowell.

The declaration alleged that the plaintiff brought an action of tort against Gray in the police court, which had jurisdiction thereof and rendered judgment for the plaintiff; that Gray appealed, and entered his appeal according to the tenor of the recognizance in the court of common pleas, and the plaintiff there recovered judgment, which had not since been reversed; and that Gray paid no damages or costs. Answer, payment and satisfaction of that judgment.

At the trial in the court of common pleas, before *Morris, J.,* the plaintiff gave in evidence the recognizance, the record of that court, a certified copy of the execution issued on the 18th of January 1856 and returnable in sixty days, and the officer's return, dated March 18th 1856, that it was in no part satisfied.

The defendants offered to prove that on the 23d of April 1856 the officer called upon Gray's agent with the execution, and demanded and received from him payment of the amount thereof, and that the execution was not returned into court until after that payment. But the judge excluded the evidence, a verdict was returned for the plaintiff, and the defendants alleged exceptions.

*B. F. Butler,* for the defendants. 1. This suit being between different parties from the original suit, the evidence was admissible. *Kendall* v. *White,* 13 Maine, 245. *Angier* v. *Ash,* 6 Foster, 99. The officer's return is simply that the precept has been

executed; it is not like a return that he has done certain things, which the law will not allow to be contradicted by proof.

2. The declaration is bad, for not showing that the recognizance was entered of record in the court of common pleas. *Tarbell* v. *Gray,* 4 Gray, 444.

*D. S. Richardson,* for the plaintiff.

METCALF, J. The evidence which the defendants offered at the trial was rightly excluded. It was offered for the purpose of proving that Gray, the principal recognizor, against whom an officer had an execution, paid the amount thereof to the officer after the return day of the same, when it was not in force, and when the officer had no authority, by virtue of it, to receive payment and discharge it. The payment therefore, which the defendants alleged in their answer, and offered to prove at the trial, would have been no defence to this action, unless the execution creditor (this plaintiff) had previously authorized the officer to receive it, or had afterwards accepted the money from him. But the defendants did not, in their answer, allege such authority; nor did they offer to prove it at the trial.

The declaration in this case was defective, as has been repeatedly decided, because it did not aver that the recognizance was returned to the court of common pleas, and there made a record. But the objection to the declaration comes too late. It was not made at the trial. And after verdict it must be presumed — as the exceptions do not show the contrary — that the recognizance, which was produced in evidence, was shown to have been returned and made a record of the court, or that the defendants did not object to its admission in evidence. On this point the present case is essentially different from those of *Tarbell* v. *Gray,* 4 Gray, 444, and *Patterson* v. *Goldsmith,* 9 Gray, 258. In each of those cases, not only was there no averment in the declaration, nor any admission in the answer, that the recognizance was of record, but it also appeared affirmatively that it was not proved, at the trial, that it was of record.

*Exceptions overruled*